# Exhibit A



MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

MICHAEL LONG
5679 VALLEY BROOK DRIVE
DUBLIN, OH 43016,

PLAINTIFF,                    20CV-11-7374
        VS.                   **CASE NUMBER**
TITAN CONSULTING GROUP LLC
STATUTORY AGENT
NATL REGISTERED AGENTS
160 GREENTREE ST SU-101
DOVER, DE 19904,
            DEFENDANT.

**** SUMMONS ****              11/12/20

TO THE FOLLOWING NAMED DEFENDANT:
        SONNY S. SHALOM PLLC
        463 FASHION AVE
        FLOOR 21
        NEW YORK, NY 10018


YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:   MICHAEL LONG
        5679 VALLEY BROOK DRIVE
        DUBLIN, OH 43016,

                                        PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
        BRIAN M. GARVINE
        LAW OFFC BRIAN M GARVINE
        SUITE 1100
        5 E LONG ST
        COLUMBUS, OH 43215


YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.


MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY:  BROOKE ELLIOTT, DEPUTY CLERK

                                        (CIV370-S03)



MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

JUDGE J. LYNCH

MICHAEL LONG,

      PLAINTIFF,

    VS.

20CV-11-7374

**CASE NUMBER**

TITAN CONSULTING GROUP LLC
ET. AL.,

      DEFENDANT.

CLERK'S ORIGINAL CASE SCHEDULE
------------------------------

LATEST TIME
OF OCCURRENCE

| | |
|---|---|
| CASE FILED | 11/12/20 |
| INITIAL STATUS CONFERENCE | ******** |
| INITIAL JOINT DISCLOSURE OF ALL WITNESSES | 04/01/21 |
| SUPPLEMENTAL JOINT DISCLOSURE OF ALL WITNESSES | 05/27/21 |
| DISPOSITIVE MOTIONS | 08/19/21 |
| DISCOVERY CUT-OFF | 09/02/21 |
| DECISIONS ON MOTIONS | 10/14/21 |
| FINAL PRE-TRIAL CONFERENCE/ORDER (OR BOTH) | 10/28/21 0900AM |
| TRIAL ASSIGNMENT | 11/15/21 0900AM |

NOTICE TO ALL PARTIES
---------------------

    ALL ATTORNEYS AND PARTIES SHOULD MAKE THEMSELVES FAMILIAR WITH THE
COURT'S LOCAL RULES, INCLUDING THOSE REFERRED TO IN THIS CASE SCHEDULE.
IN ORDER TO COMPLY WITH THE CLERK'S CASE SCHEDULE, IT WILL BE NECESSARY
FOR ATTORNEYS AND PARTIES TO PURSUE THEIR CASES VIGOROUSLY FROM THE DAY
THE CASES ARE FILED. DISCOVERY MUST BE UNDERTAKEN PROMPTLY IN ORDER TO
COMPLY WITH THE DATES LISTED IN THE RIGHT-HAND COLUMN.

                BY ORDER OF THE COURT OF COMMON PLEAS,
                FRANKLIN COUNTY, OHIO

__/__/__
DATE

                MARYELLEN O'SHAUGHNESSY, CLERK

(CIV363-S10)

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Nov 18 3:53 PM-20CV007374

Case: 2:20-cv-06479-SDM-CMV Doc #: 1-1 Filed: 12/18/20 Page: 6 of 28 PAGEID #: 11

## MARYELLEN O'SHAUGHNESSY

## FRANKLIN COUNTY CLERK OF COURTS
## GENERAL DIVISION, COURT OF COMMON PLEAS

CASE TITLE: MICHAEL LONG -VS- TITAN CONSULTING GROUP LLC     CASE NUMBER: 20CV007374
ET AL

TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:
CERTIFIED MAIL

DOCUMENTS TO BE SERVED:
COMPLAINT

PROPOSED DOCUMENTS TO BE SERVED:

UPON:
SONNY S SHALOM, PLLC
463 FASHION AVE
FLOOR 21
NEW YORK, NY  10018

LAKEVIEW LAW GROUP OF SONNY SHALOM PLLC
C/O STAT AGENT-ALLSTATE
ONE COMMERCE PLAZA
99 WASHINGTON AVE ST 1008
ALBANY, NY  12260

TITAN CONSULTING GROUP LLC
STATUTORY AGENT
NATL REGISTERED AGENTS
160 GREENTREE ST SU-101
DOVER, DE  19904

JUVENILE CITATIONS ONLY:

   HEARING TYPE:

   _ Date already scheduled at  :  Courtroom:

**Electronically Requested by:** BRIAN M GARVINE, MR.

**Attorney for:**

IN THE FRANKLIN COUNTY COMMON PLEAS COURT
CIVIL DIVISION

| | |
|---|---|
| Micheal Long<br>5679 Valley Brook Dr.<br>Dublin, Ohio 43016 | :<br>:<br>:     Case No.<br>: |
| Plaintiff | : |
| v. | :     Judge: |
| Titan Consulting Group, LLC<br>c/o Statutory Agent,<br>National Registered Agents Inc.<br>160 Greentree Street, Suite 101<br>Dover, DE 19904 | :<br>:<br>:<br>:<br>:     **COMPLAINT** |
| and | :     **FOR DECLARATORY AND**<br>:     **INJUNCTIVE RELIEF**<br>: |
| Lakeview Law Group of Sonny S. Shalom, PLLC<br>c/o Statutory Agent<br>Allstate Corporate Services Corp.<br>One Commerce Plaza<br>99 Washington Ave., Ste. 1008<br>Albany, NY 12260 | :<br>:<br>:<br>:<br>:<br>: |
| and | :<br>: |
| Sonny S. Shalom, PLLC<br>463 Fashion Ave., Floor 21<br>New York, NY 10018 | :<br>:<br>:<br>: |
| | :     **JURY DEMAND ENDORSED**<br>:     **HEREIN**<br>: |
| Defendant. | :<br>: |

### Introduction

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. Section 1681b(f) regulates the access

and use of consumer reports in order to protect consumer privacy. This case involves the illegal

use of and access to the private financial data in the consumer reports of likely thousands of

1

financially distressed consumers. The information was accessed for the illegal purpose of marketing debt settlement and/or consolidation services. Defendant Titan Consulting Group, LLC ("Titan") is a company that obtained lists of consumer data, lists referred to as "pre-screened lists", including Plaintiff's, under the guise of making a firm offer of credit. Instead of providing a firm offer of credit, Titan used the lists to market debt settlement services.

The pre-screened lists at issue are compiled by a consumer reporting agency using filters including a base level of unsecured debt balances a minimum level of unsecured trade lines, and various other filters bearing on a consumer's credit worthiness. The pre-screened lists constitute consumer reports that may only be accessed and used for a permissible purpose. *See*, 15 U.S. C. Section 1681b(f); *See*, *Trans Union v FTC*, 245 F.3d 809 (U.S. App. D.C. 2001).

Accordingly, Plaintiff Micheal Long ("Long") brings this action to obtain monetary damages, injunctive relief, attorneys' fees, his costs in this action and any other relief to which he may be entitled to compensate him for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C, §§1681, et seq., ("FCRA") the Ohio Consumer Sales Practices Act, Oh. Rev. Code §§1345.01 to 1345.99 ("OCSPA"), the Equal Credit Opportunity Act, 15 U.S.C §1691 ("ECOA"), fraud, and civil conspiracy all of which were violated as part of a venture to advertise, promote and operate a business of soliciting clients for debt settlement and credit repair.

## Jurisdiction and Venue

1. This Court has venue to hear this case pursuant to Ohio Civ. R. 3(B)(3), in that some of the transactions complained of, and out of which this action arose, occurred in Franklin County, Ohio, where Plaintiff resides.

2. Defendants regularly engage in business with, and direct business at, Ohio

2

consumers and have otherwise availed themselves of the Ohio marketplace and secured the benefits of that marketplace. Such conduct includes, among other things, holding themselves out as debt settlement and credit repair companies providing services to Ohio residents; directing business solicitations into the State of Ohio, directed at indebted Ohio residents; seeking participation in Defendants' debt settlement and credit repair programs; contracting in Ohio with Ohio consumers for various services; including debt settlement and credit repair, offering to perform and/or performing activities for Ohio residents including debt settlement and credit repair functions, and/or contracting for legal services or performing legal services for Ohio consumers.

3.      Specifically, all Defendants had actual knowledge or acted with reckless disregard as to the deceptive nature of the mailing, the illegal nature of the data used in the mailing campaign at issue, that a portion of the mailers were directed to Ohio consumers (including Exhibit A), and that the solicitation was an attorney solicitation seeking to retain Ohio clients (including Long).

4.      All individual Defendants are sophisticated business persons and are familiar with the laws related to the FCRA and deceptive marketing in general. All individual Defendants knew the actions of the companies they are directing were acting illegally and chose to go forward with the conspiracy in violation of both State and Federal law.

5.      This Court has jurisdiction over the parties and the subject matter of this action.

<u>Parties</u>

6.      Long has at all times relevant to this action been a resident of Dublin, Ohio.

7.      Titan is a marketing and/or debt relief company operated from 463 7th Avenue, 9th Floor, New York, NY 10018, and has solicited a debt adjustment/debt settlement services to Ohio consumers.

8.    Defendant Lakeview Law Group of Sonny S. Shalom, PLLC ("Lakeview") is a New York corporation doing business as Lakeview Law Group at 463 Fashion Ave, Floor 21, New York, NY 10018 and in a joint effort with all other defendants, conspired to obtain and use consumer reports in mass mailings directed at Ohio consumers including Long.

9.    Defendant Sonny S. Shalom ("Shalom") is a natural person operating within Lakeview from an address at 463 Fashion Ave, Floor 21, New York, NY 10018.

10.    Defendant Sonny S. Shalom directs each and every act of the Lakeview Law Group including the conspiracy to obtain and use consumer reports in mass mailings directed toward Ohio consumers including Long.

11.    For the purposes of this Complaint, unless otherwise indicated, "Defendant" or "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named in this caption.

12.    Defendants, acting in concert with other companies, unlawfully obtained Plaintiff's consumer report and used it illegally to obtain information for the purpose of sending deceptive solicitations to the Plaintiff for debt adjustment/debt settlement and credit repair services.

### Statement of Facts

13.    Titan used the impermissibly obtained information to market its debt settlement services or the debt settlement services of the Lakeview Law Group.

14.    Defendants compiled this consumer report in a venture to advertise, promote and operate a business of soliciting clients for the debt settlement and credit repair services of Defendants.

0F321 - H57
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Nov 12 3:58 PM-20CV007374
Case: 2:20-cv-06479-SDM-CMV Doc #: 1-1 Filed 12/18/20 Page: 12 of 28 PAGEID #: 17

15.    Titan targets consumers in financial distress for debt settlement services, which includes, but is not limited to, attempting to settle a consumer's unsecured debt for less than what he or she currently owes.

16.    Titan obtained and used pre-screened lists containing the names and addresses of consumers who met certain criteria such as minimum debt balances or high interest rates, etc.; Long was on at least one of these lists.

17.    These lists are compiled by a consumer reporting agency using the filters supplied to the consumer reporting agency by Titan or Titan's marketing agent.

18.    The lists constitute consumer reports under the FCRA.

19.    Defendants obtained the prescreen lists based in part on the location of the Ohio consumers. The Defendants intentionally targeted the State of Ohio for their marketing venture in order to take advantage of the market in the State of Ohio.

20.    Titan then arranged for the preparation and mass mailing of marketing letters to the consumers on the pre-screened lists obtained from the consumer reporting agency.

21.    As an integral part of Titan's marketing, Plaintiff received one of the mailed solicitations, which is attached as Exhibit A and incorporated herein.

22.    Sonny S. Shalom has a non-delegable duty to ensure the marketing he and his firm use is not deceptive, and does not violate state or federal law. Sonny S. Shalom knew and directed Lakeview, in partnership with Titan, to target Ohio consumers using the impermissibly obtained consumer data and deceptive marketing tactics described in this Complaint.

23.    In the mailed solicitation, Titan indicates, "You're Pre Approved; Hurry! Expires 8/14/2020; For up to $75,000."

24. The amount of the "consolidation loan" in the mailed solicitation was approximately equal to the amount of outstanding unsecured debt reported on Plaintiff's consumer reports.

25. The mailed solicitation contained the phrases "You're Pre-Approved" twice.

26. On or about July 17, 2020, Plaintiff called the phone number listed on the mailed solicitation in order to apply for a "loan."

27. On or about July 17, 2020, a representative of Titan, Marv, spoke with Plaintiff to discuss applying for the "loan."

28. During the phone conversation, Marv obtained information from Plaintiff including his annual income, whether he had filed bankruptcy or had a foreclosure in the past ten years and information regarding how Long filed his taxes (either single or jointly); Marv did not inquire into his debt balance.

29. Marv indicated he did not qualify for a traditional loan despite the solicitation's reference to pre-approval; instead, Marv followed-up with Long via a telephone call and email to pitch Titan's debt consolidation program which Marv indicated would be performed in conjunction with a local firm called "Lakeview Law Group."

30. During the phone conversation, Marv, when describing the "debt consolidation program", indicated that Long must quit paying his credit card debt and Titan would send letters of representations to these creditors. Marv further assured Long, although all of his accounts were current, his credit score was dropping and would continue to drop over the next two years, into the low 500s, unless Long entered Titan's program. These assertions are false.

31. Titan does not submit information to lenders; instead, Titan uses the classic 'bait and switch' to submit a consumer's information to a local firm described as "Lakeview Law

Group" or other debt settlement companies for the purposes of offering debt adjustment/debt settlement products and services.

32. Titan never intended to offer a loan to Long. And, the solicitation itself was a guise to obtain a targeted list from a consumer reporting agency. It is unlawful to obtain consumer reports for the purpose of marketing debt settlement services. Titan was further deceptive to entice Long to call Titan to apply for a loan which loan could assist Long.

33. Titan is a debt adjustment/debt settlement company which is defined as a company that negotiates with a consumer's unsecured creditors over time for a reduction in debt owed.

34. Obtaining and using a consumer report for marketing is an impermissible purpose in violation of the FCRA, 15 U.S.C. § 1681b(f).

35. Plaintiff did not authorize Defendant to access his consumer report information prior to the mailer being sent to him.

36. As set forth above, all Defendant is a "supplier" as defined by the OCSPA, R.C. § 1345.01(C), since Defendant is engaged in the business of debt adjusting, budget counseling, debt management, or debt pooling services, or holding oneself out, by words of similar import, as providing services to debtors in the management of their debt to a consumer in the State of Ohio for purposes that were primarily for personal, family or household use.

37. Defendant is responsible for any of the actions of its agent under the doctrine of *respondeat superior*.

**COUNT ONE**
**Violation of the Fair Credit Reporting Act**
**Willful Noncompliance, 15 U.S.C. § 1681n**

38. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

39.     Long, and individual, is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

40.     Defendant either directly, or through other marketing agents, obtained information and data on Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living from a "consumer reporting agency" as defined by the FCRA , 15 U.S.C. §1681a(f).

41.     The information is therefore a "consumer report" as defined by the FCRA, 15 U.S.C. §1681a(d).

42.     Defendant willfully obtained and used Plaintiff's consumer reports without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681n.

43.     Defendant willfully obtained and used Long's consumer report under the guise of a permissible purpose only to utilize the information for alternate marketing purposes. Under section 607 of the Fair Credit Reporting Act, it is clearly stated that the purpose for which a consumer report is sought must be certified, and that it must be further certified that the information will be used for no other purpose 15 U.S.C. § 1681e.

44.     Obtaining and using a consumer report for marketing is an impermissible purpose in violation of the FCRA, 15 U.S.C. § 1681b(f).

45.     Due to Defendant's conduct, Plaintiff has suffered actual damages, including, but not limited to, mental and emotional hardship, physical, mental and emotional stress, anxiety, monetary damages and embarrassment upon learning that his most private financial data had been accessed and reviewed by companies and individuals that had no right to such information.

### COUNT TWO
### Violation of the Fair Credit Reporting Act
### Negligent Noncompliance, 15 U.S.C. § 1681o

46. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

47. Defendant negligently obtained and used Plaintiff's consumer report without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681o.

48. The information is therefore a "consumer report" as defined by the FCRA, 15 U.S.C. §1681a(d).

49. Defendant negligently obtained and used Long's consumer report without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681o.

50. Due to Defendant's conduct, Long has suffered actual damages, including, but not limited to: mental and emotional hardship, physical, mental and emotional stress, anxiety, monetary damages, and embarrassment upon learning that his most private financial data had been accessed and reviewed by companies and individuals that had no right to such information.

### COUNT THREE
### Violations of the Ohio Consumer Sales Practices Act

51. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

52. The interactions between Plaintiff and Defendant were a "consumer transaction" as defined by R.C. § 1345.01(A) as Defendant solicited a service to Plaintiff, an individual, for purposes that are primarily personal, family or household. Defendant did this by mailing Plaintiff a solicitation to procure his business and during the telephone conversation on or about July 17, 2020. The purposes of both the mailed solicitation and telephone conversation were personal in nature as Defendant solicited Plaintiff to provide him services for his personal debt in exchange for various fees.

53. Defendant is a "supplier" as defined by R.C. § 1345.01(C) as it engaged Plaintiff in the soliciting of a consumer transaction by attempting to procure Plaintiff's business by sending him a mailed solicitation and the telephone conversation on or about July 17, 2020 all in an attempt to provide Plaintiff with debt adjustment/debt settlement services in exchange for various fees.

54. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D) as he engaged in in a consumer transaction with Defendant, a supplier, during the telephone conversation on or about July 17, 2020. Defendant initially solicited Plaintiff via the mailer attached as Exhibit A to the Complaint, invited him to call and upon receiving the telephone call, Defendant gave a sales pitch in an effort to retain Plaintiff to settle his personal debt for a fee.

55. All parties are a "person" as defined by R.C. §1345.01. A person includes and individual, corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership, association, cooperative, or other legal entity. Plaintiff is a person and Defendant, a legal entity, is also a person.

56. Defendant committed material unfair, deceptive, and/or unconscionable acts and practices in connection with a consumer transaction, primarily for personal, family or household purposes, in violation of the Ohio Consumer Sales Practices Act, including, but not limited to:

      a. making false or misleading statements to induce a purchaser to pay for services in violation of R.C. § 1345.02(A).

      b. knowing of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction.

      c. using a sales presentation which makes the material facts of the offer misleading or conveys or permits an erroneous impression as to the services offered

10

for sale such as indicating "You have been pre-approved for a consolidation loan up to $75,000."

d.    indicating in the mailer, attached as Exhibit A, "You're pre-approved to consolidate your debt with up to $75,000 at a rate as low as 4.99%" that it had an expiration date of "August 14, 2020" and that Plaintiff needed to "Don't wait to contact us;" which created an unnecessary sense of urgency where no such expiration existed.

e.    indicating in the mailed solicitation, attached as Exhibit A, that Defendant could eliminate Plaintiff's debt faster without having any knowledge of their ability to resolve Plaintiff's debt.

f.    Titan violated O.A.C. 109:4-3-03(B)(2) and engaged in deceptive acts or practices in connection with a consumer transaction because the first contact it had with Plaintiff was secured by through deception when Titan sent a misleading letter to Plaintiff.

g.    Defendant violated O.A.C. 109:4-3-10(A) and engaged in deceptive acts or practices in connection with a consumer transaction because Defendant made representations, claims, or assertions of fact about the status of Plaintiff's debt balances, monthly payments, interest rates and high balance revolving debt in an effort to convince a reasonable consumer to call immediately and retain Defendant's services.

57.    Plaintiff was in fact deceived by all of the alleged violations and as a result of the preceding violations by Defendant, Plaintiff has suffered injury in the form of mental and

emotional hardship, physical, mental and emotional stress, anxiety, embarrassment and monetary damages caused by the deceptions in the mailers previously described in this Complaint.

## COUNT FOUR
### Fraud

58.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

59.    Fraudulent conduct has been specifically alleged throughout this complaint and incorporated into Count Five by reference.  Plaintiff specifically relied on the aforementioned representations, misrepresentations, non-disclosures and implied representations when making the determination whether to contact Titan and provide Titan with access to his consumer reports and other private financial data.

60.    Titan's entire scheme is to mislead. It misled the consumer reporting agency by obtaining protected FCRA data under false pretense, and it misled Long by tricking him into calling and disclosing additional data under the false pretense of offering a consolidation loan.

61.    Specifically, Long relied on all representations in Exhibit A in making a determination to call Titan. These representations include, but are not limited to, the fact that he was pre-approved for a consolidation loan, when, n fact, he was not approved; that it would be "easy for you to obtain one of several low rate loan options" when, in fact, Titan was only interested in marketing debt settlement services.

62.    The Defendant's representations concerning the work it claimed it would perform were made falsely, with knowledge of their falsity, or with such utter disregard and recklessness as to whether the representations were true or false that knowledge may be inferred.

63.    The representations were made with the intent of misleading Plaintiff into relying upon them so Defendant could obtain money from Plaintiff.

12

64.     Plaintiff was justified in relying upon the Defendant's representations. Plaintiff has been injured by the wrongful and fraudulent conduct of Defendant and has been damaged in an amount to be established at trial, as well as entitled to punitive damages in an amount to be established at trial.

### COUNT FIVE
### Civil Conspiracy

65.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

66.     Titan conspired with "Lakeview Law Group" as well as a marketing agent to illegally obtain and use data protected by the FCRA. All companies knew the marketing scheme was both criminally and civilly illegal and they were joint actors and conspirators in the illegal marketing scheme.

67.     The combined acts of Defendant have resulted in damages to Plaintiff.

68.     The combination of Defendant's actions and conduct as alleged herein constitute a civil conspiracy by way of an unlawful act independent of the conspiracy, namely fraud and the criminally illegal acts in violation of both the FCRA and the OCSPA.

### COUNT SIX
### Violations of the Equal Credit Opportunity Act

69.     While Plaintiff does not believe Titan intended to offer a loan, should Titan demonstrate that it did make an offer of credit to Long, then it violated the Equal Credit Opportunity Act.

70.     Titan is a "creditor" as defined in 15 U.S.C. § 1691a(e) as it extended credit to Long via mail; Titan regularly extends credit and makes credit decisions, including rejecting customer credit applications.

71.     Long is an "applicant" as defined in 15 U.S.C. § 1691a(e) as he applied directly to Titan via telephone following the pre-approved offer that arrived in the mail.

72.     Long repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

73.     Titan failed to issue an adverse action notice following the denial of credit to Long within 30 days of the denial as stated in Reg. B 12 C.F.R.§ 202.9(a)(1)(i).

74.     The foregoing acts and omissions of Titan constitute a violation of the ECOA.

75.     As a result of Titan's violation of 15 U.S.C §1691 *et seq.*, Long is entitled to an award of up to $10,000.00 in punitive damages for each violation pursuant to 15 U.S.C §1691.

76.     Long is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### Prayer for Relief

**WHEREFORE**, Plaintiff prays this Court grant:

1.     ISSUE an order declaring that the Defendant have engaged in acts and practices in violation of the Consumer Sales Practices Act, R.C. § 1345.01 et seq., the Debt Adjustment Companies Act, R.C. § 4710.01 et seq., and the Ohio Credit Services Organization Act, R.C. §4712.01 et seq.,

2.     ISSUE a Permanent Injunction enjoining the Defendant, its agents, servants, employees, successors or assigns, and all persons acting in concert and participation with it, directly or indirectly, through any corporate device, partnership, or other association, under this or any other name, from engaging in the acts and practices which Plaintiff complains in the State of Ohio until complying with the laws of the State of Ohio and satisfaction of any monetary obligations to Plaintiff.

3.    GRANT judgment against the Defendant in the amount of three times the actual damages or $200.00 for each unlawful act specified, whichever is greater, pursuant to R.C. § 1345.09(B).

4.    Costs and reasonable attorney fees, pursuant to R.C. § 1345.09(F)(2).

5.    Punitive damages.

6.    GRANT such other relief as this Court deems to be just, equitable and appropriate.

Respectfully submitted:

/s/ David B. Schultz
David B. Schultz (0077281)
Jeremiah E. Heck (0076742)
Rebecca A. Bradley (0095210)
Luftman, Heck & Associates, L.L.P.
6253 Riverside Dr., Suite 200
Dublin, Ohio 43017
Phone: (614) 224-1500
Fax: (614) 224-2894
dschultz@lawLH.com
jheck@lawLH.com
rbradley@lawLH.com


/s/ Brian M. Garvine
Brian M. Garvine (0068422)
Law Office of Brian M. Garvine LLC
5 E. Long Street, Suite 1100
Columbus, Ohio 43215
Phone: (614-223-0290)
Fax: (614) 221-3201
Brian@garvinelaw.com
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Micheal Long, demands trial by jury in this action.

/s/ *David B. Schultz*
David B. Schultz (0077281)

0F321

AMOUNT UP TO: Seventy Five Thousand and **/100                              UP TO **$75,000**

PAY TO THE
ORDER OF:    94ST160200871:8
             Micheal Long
             5679 Valley Brook Dr
             Dublin OH 43016-7524

Call: 1-888-488-4517

Visit: www.tcgoffer.com

Personal Offer Code: 0701Y-00871

THIS IS NOT A REAL CHECK

# Cut debt from your life with a personal loan **up to $75,000**

### Imagine your life without high-interest payments

With a personal loan through Titan Consulting Group, you could be free of your high-rate balances. You're pre-approved to consolidate your debt with up to $75,000 at a rate as low as 4.99%. That could mean hundreds of dollars back in your pocket each month — or the financial flexibility to cover major life expenses.

## We make it easy to get the cash you need:

**1**

**Check your rate**
Get pre-qualified online with no hidden fees or obligation.

**2**

**Apply**
Choose the right loan for you, and complete application.

**3**

**Receive funds**
Electronically sign your documents, and cash will be deposited into your account.

You don't have to spend any more time worrying about debt. Just call 1-888-488-4517, or go to www.tcgoffer.com with your personal offer code to get your free financial analysis.

**Don't wait to contact us; this offer expires 8/14/2020.**

**It's easy to get started.** Call us: **1-888-488-4517**

Visit us at: **www.tcgoffer.com**

Personal Offer Code: 0701Y-00871



# a personal loan **up to $75,000**

## Imagine your life without high-interest payments

With a personal loan through Titan Consulting Group, you could be free of your high-rate balances. You're pre-approved to consolidate your debt with up to $75,000 at a rate as low as 4.99%. That could mean hundreds of dollars back in your pocket each month — or the financial flexibility to cover major life expenses.

## We make it easy to get the cash you need:

**1**

### Check **your rate**
Get pre-qualified online with no hidden fees or obligation.

**2**

### Apply
Choose the right loan for you, and complete application.

**3** 

### Receive funds
Electronically sign your documents, and cash will be deposited into your account.

You don't have to spend any more time worrying about debt. Just call 1-888-488-4517, or go to titanconsultinggrp.com with your personal offer code to get your free financial analysis.

**Don't wait to contact us; this offer expires 7/3/2020.**

## It's easy to get started. Call us: **1-888-488-4517**

### Visit us at: **Titanconsultinggrp.com**

Personal Offer Code: 0520Y-87554

You can choose to stop receiving "prescreened" offers of credit from this and other companies by calling toll-free 1-888-567-8688 or CoreLogic Teletrack at 1-877-309-5226. See **PRESCREEN & OPT OUT NOTICE** on other side for more information about prescreened offers.

04 TCG3 C 977180 0000006583                                    TCG_0320    TCG 1R 4

E3237 – M10

FROM

**MARYELLEN O'SHAUGHNESSY**
FRANKLIN COUNTY CLERK OF COURTS
373 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4579

C E R T I F I E D
M A I L
R E C E I P T

11/13/20

CLERK OF COURTS

2020 NOV 16 PH 4:05

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO

**LAKEVIEW LAW GROUP OF**
**C/O STAT AGENT-ALLSTA**
**ONE COMMERCE PLAZA**
**99 WASHINGTON AVE ST**
**ALBANY, NY**
          **12260**

**20CV-11-7374    H3**

**MICHAEL LONG**
     **VS**
**TITAN CONSULTING GROU**

**SERVICE ITEM: 01**
**ORIGINAL SUMMONS**

CERTIFIED
NUMBER

**9214890119 522806809673**

**CIV354**

## E3237 – M11

FROM

MARYELLEN O'SHAUGHNESSY
FRANKLIN COUNTY CLERK OF COURTS
373 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4579

C E R T I F I E D
M A I L
R E C E I P T

11/13/20

TITAN CONSULTING GROU
STATUTORY AGENT
NATL REGISTERED AGENT
160 GREENTREE ST SU-1
DOVER, DE
          19904

20CV-11-7374    H3

MICHAEL LONG
      VS
TITAN CONSULTING GROU

SERVICE ITEM: 01
ORIGINAL SUMMONS

CERTIFIED
NUMBER

9214890119 522806809680

CIV354

E3237 — M9

FROM

**MARYELLEN O'SHAUGHNESSY**
FRANKLIN COUNTY CLERK OF COURTS
373 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4579

C E R T I F I E D
M A I L
R E C E I P T

11/13/20

*FILED*
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2020 NOV 16 PM 4: 05
CLERK OF COURTS

SONNY S. SHALOM PLLC
463 FASHION AVE
FLOOR 21
NEW YORK, NY
        10018

20CV-11-7374    H3

MICHAEL LONG
        VS
TITAN CONSULTING GROU

SERVICE ITEM: 01
ORIGINAL SUMMONS

CERTIFIED
NUMBER

9214890119 522806809666

CIV354